635 S.E.2d 95

**In the Matter of William F. GORSKI, Respondent.**

**No. 26207.**

Supreme Court of South Carolina.

Submitted July 31, 2006.

Decided Aug. 28, 2006.

---

6. On November 9, 2005, respondent was placed on interim suspension. *In the Matter of Smith,* 366 S.C. 339, 622 S.E.2d 526 (2005).

358

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William F. Gorski, pro se, of Lexington.

## PUBLIC REPRIMAND

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. In addition, respondent agrees to pay the costs incurred by ODC in its investigation of these matters and to undergo a law office management review. We accept the agreement, issue a public reprimand, and order respondent to pay the costs incurred by ODC in its investigation of these matters and to undergo a law office management review. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

In April 2000, Client A retained respondent to represent her in a divorce proceeding. In February 2001, prior to the issuance of the divorce decree, Client A's husband passed away. Client A retained respondent to handle her husband's intestate estate for which she had been appointed personal representative.

Respondent failed to diligently pursue probate of the estate. The estate was administratively closed in November 2002. Respondent spoke with Client A on December 29, 2002. He did not inform her of the closing of the estate.

Respondent did not communicate further with Client A until April 3, 2003, after receiving notice of her complaint with ODC. At that time he agreed to reopen the estate at no additional cost to Client A. On July 30, 2003, respondent submitted his petition to reopen the estate. Respondent then proceeded to negotiate reductions in the outstanding debts of the estate. The matter has now been resolved to Client A's satisfaction.

### Matter II

In November 2001, respondent ordered a transcript of a deposition from a court reporter. The charge for the service was $228.20. Respondent did not timely pay the bill and did not respond to the court reporter's inquiries. Upon receipt of the court reporter's complaint to ODC respondent paid the debt in full.

### Matter III

Respondent represented Client B in his divorce. On March 4, 2003, Client B's wife, *pro se,* appeared at the final hearing. Respondent prepared the final order which was signed on June 23, 2003. In that order, the judge retained jurisdiction over the matter to review and approve qualified domestic relations orders (QDROS) regarding Client B's retirement accounts. Client B requested respondent prepare a QDRO.

On October 13, 2003, Client B contacted respondent and asked that he conclude the matter. By January 8, 2004,

Client B had not heard from respondent so he contacted him again. On March 15, 2004, respondent submitted a proposed QDRO to Client B's former employer. After revisions, a final draft was prepared and submitted to the parties for signature.

## Matter IV

In January 1999, respondent was retained to represent Client C in a medical malpractice claim against the South Carolina Department of Corrections (SCDC) and the contractor the SCDC paid to provide medical services to inmates. In March 2001, respondent associated another attorney to assist him in the trial of the case. Respondent and the associated attorney agreed to split the fee evenly. The scope of the associated attorney's involvement or the relative responsibilities of the two attorneys was not reduced to writing or consented to by the associated attorney. The litigation was delayed for three reasons: 1) summary judgment was granted to the SCDC based on provisions of the South Carolina Tort Claims Act; 2) the expert witness selected by respondent could not confirm his theory of liability; and 3) the contractor's insurance company filed bankruptcy and the case was dismissed pursuant to Rule 40(j), SCRCP.

During the course of the representation, respondent provided competent representation, however, he did not adequately communicate with Client C. Additionally, believing he had timely restored the case to the docket, respondent told Client C he had done so, although he had not in fact timely restored the case.

## Matter V

In order to conclude three of the above-mentioned matters, respondent and ODC proposed a deferred disciplinary agreement that was accepted by the Investigative Panel of the Commission on Lawyer Conduct (Commission) on August 27, 2004. In that agreement, respondent agreed to comply with certain terms and conditions. Under those terms and conditions, respondent was to undergo a review of his law office management practices with a consultant of his choice approved by ODC. This review was to be completed within six months of the date of acceptance of the agreement. At the conclusion of the six month period, respondent was to file a certification of

completion by the consultant. Respondent was required to comply with the terms of the agreement no later than February 28, 2005.

Respondent did not retain a consultant, undergo the review, or file certification of completion within the six month period. On July 15, 2005, an Investigative Panel terminated deferment of discipline and reopened the investigation.

## Matter VI

Client D alleged lack of diligence and communication by respondent. Although there appears to be no merit to the underlying allegations, respondent failed to timely respond to ODC's inquiries in this matter.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information); Rule 1.5(e) (division of fees between lawyers who are not in same firm may be made only if the division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of the client); Rule 8.1 (lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).[1] Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplin-

---

1. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

ary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(3) (it shall be ground for discipline for lawyer to willfully violate a valid order of the Commission), and 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct. Further, within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred by ODC in its investigation into these matters and, within six (6) months of the date of this opinion, respondent shall undergo a law office management review as set forth in his deferred disciplinary agreement dated July 16, 2004.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.