# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of William F. Gorski, Respondent.

Appellate Case No. 2018-000549

---

Opinion No. 27825
Submitted May 30, 2018 – Filed July 11, 2018

---

## DEFINITE SUSPENSION

---

John S. Nichols, Disciplinary Counsel, and Ericka M. Williams, Senior Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

William F. Gorski, of Lexington, pro se.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to the imposition of a definite suspension not to exceed twelve (12) months.  We accept the Agreement and suspend Respondent from the practice of law in this state for twelve (12) months.  The facts, as set forth in the Agreement, are as follows.

## Facts

The Agreement resolves four complaints against Respondent.  The first two involve Respondent's failure to keep clients reasonably informed regarding their cases and failing to act with reasonable diligence and promptness in concluding the cases.  The third one arose from Respondent's failure to pay $2,500 to his client after the Resolution of Fee Disputes Board instructed him to do so.  Finally, the fourth complaint was filed after Respondent took approximately a decade to have

three Qualified Domestic Relations Orders (QDROs) prepared. He represented a client in a domestic matter that was resolved by a settlement agreement approved by the family court in 1999. The agreement provided that Respondent was to prepare the QDROs. Respondent was contacted by the Complainant's attorney in 2009 regarding the status of the QDROs. Respondent then hired a QDRO specialist to prepare the QDROs, which were submitted to the retirement plans in 2009 and 2010.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client), Rule 1.4 (lawyer shall keep the client reasonably informed about the status of a matter), Rule 1.5 (lawyer shall not charge or collect an unreasonable fee), Rule 1.15 (lawyer shall safe keep client funds), Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation), and Rule 3.4(c) (lawyer shall not knowingly disobey obligation of a tribunal).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violation of the Rules of Professional Conduct is a ground for discipline) and 7(a)(10) (willfully failing to comply with a final decision of Resolution of Fee Disputes Board is a ground for discipline).

## Conclusion

We accept the Agreement and suspend Respondent from the practice of law in this state for twelve (12) months.[1] In addition, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct within thirty (30) days of the date of this opinion.

---

[1] Respondent's disciplinary history includes a 2003 admonition, a 2006 public reprimand, *In re Gorski*, 370 S.C. 357, 635 S.E.2d 95 (2006), a 2007 letter of caution with no finding of misconduct, a 2009 letter of caution with a finding of minor misconduct, and a 2011 letter of caution. The conduct addressed in these matters is relevant to the misconduct in the current proceeding. *See* Rule 2(s), RLDE (fact that letter of caution has been issued shall not be considered in a subsequent disciplinary proceeding unless the caution or warning contain in the letter of caution is relevant to the misconduct alleged in the new proceedings).

Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**